AUSA:    Benjamin Coats    Telephone: (313) 226-9100
AO 91 (Rev. 11/11) Criminal Complaint    Special Agent:    Sean Nicol    Telephone: (313) 965-2323

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br><br>Jemel THOMPSON | Case: 2:22−mj−30127<br>Assigned To : Unassigned Assign.<br>Date : 3/9/2022<br>CMP: SEALED MATTER (MAW)) |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   February 24, 2022   in the county of   Washtenaw   in the   Eastern   District of   Michigan  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 115 | Influencing, impeding, or retailiating against a Federal Official |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Sean Nicol - FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 9, 2022

*Judge's signature*

City and state: Detroit, Michigan

Honorable Elizabeth Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sean D. Nicol, being duly sworn, depose and state as follows:

### I.   INTRODUCTION

1. I have been a Special Agent with the FBI since 1995 and am assigned to the Detroit Division in Ann Arbor. I have investigated a wide variety of federal criminal violations, including illegal activities which occur within the Federal Correctional Facility in Milan, Michigan, and threats to commit bodily harm against law enforcement officers.

2. The facts and statements in this affidavit include information developed by the FBI and information provided by other law enforcement officers. This affidavit is for the limited purpose of securing a criminal complaint. I have set forth only the facts that I believe are necessary to establish the probable cause and not every fact known to me concerning this investigation.

3. Probable cause exists that, on February 24, 2022, in the Eastern District of Michigan, Jemel THOMPSON, an inmate at the Federal Correctional Institution in Milan, Michigan (FCI Milan), threatened to kill a Federal Corrections Officer and his family after his

1

release from prison, in violation of 18 U.S.C. § 115. THOMPSON is due for a full release from federal custody on March 11, 2022.

## II.   THE INVESTIGATION

4. On February 24, 2022, around 12:25 pm, Federal Corrections Officers were conducting standard inmate checks in the Special Housing Unit (SHU) of the FCI Milan and stopped at the cell of inmate THOMPSON to inspect some threatening language written on the walls of the cell.  They witnessed, written on THOMPSON's cell wall, "Fuck Feds," "Fuck FCI Milan," "Fuck [Last name of Victim #1]," and "Im going kill [Last name of Victim #1]" (sic). Victim #1 is one of the Federal Corrections Officers who discovered these writings. When confronted about the graffiti, THOMPSON said, "I'm going to kill [Victim #1] on March 11 when I get out," or words to that effect. THOMPSON approached the cell door in an aggressive manner and said, "When I get out on March 11, I am going to come up here with my Bloods and kill [Victim #1]." He then made a hand gesture toward Victim #1 as if he was firing a gun. The other Federal Corrections Officer directed THOMPSON to cease threatening Victim #1, but THOMPSON only responded, "I don't give a shit…I'm going to kill him."

2

5. Shortly thereafter, a Special Investigative Services (SIS) Technician was performing his weekly inspection of the SHU when he encountered THOMPSON yelling and acting in an aggressive manner. The SIS Technician engaged THOMPSON in conversation to determine the reason for his behavior, THOMPSON reiterated his desire to kill Victim #1, adding that there was nothing FCI Milan could do to him since he was due for a full release from federal custody on March 11, 2022. THOMPSON further explained that he would be waiting in the parking lot to kill Victim #1, then use his driver's license to locate and kill his family.

6. On March 3, 2022, I interviewed Victim #1 regarding his contact with THOMPSON and the possible reason for the death threats. Victim #1 recalled THOMPSON was recently transferred to the SHU, and he had been throwing trash from his cell into the walkways. Early in the week of February 21, 2022, Victim #1 and other Officers were tasked to clean THOMPSON's cell of trash to keep the area free of debris. THOMPSON took offense at the cleaning of his cell and became verbally aggressive toward Victim #1 and the other Officers but did not

3

make any threats at the time. Victim #1 believes this incident was the reason for the later death threats made by THOMPSON.

7. On March 3, 2022, the SIS Technician advised me that THOMPSON was transferred to the SHU in mid-February 2022, for the possession of an illegal cellular telephone.

8. On March 4, 2022, a mental health evaluation was performed on THOMPSON by the psychology staff at FCI Milan. THOMPSON did not present any criteria for a mental disorder and admitted to making the threats against Victim #1 during his evaluation. THOMPSON justified his threats, saying, "It's the way I was raised. If someone does something to you, you do something to them." THOMPSON stated that he will not get into any trouble for making the threats because he is due to be released.

### III.   CONCLUSION

9. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that on or about February 24, 2022, Jemel THOMPSON violated 18 U.S.C. § 115, Influencing, impeding, or retaliating against a Federal official by threatening or

4

injuring a family member. This violation occurred in the Eastern District of Michigan.

_____
Sean D. Nicol
FBI Special Agent

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Honorable Elizabeth Stafford
United States Magistrate Judge

5